June 1, 2009

The Honorable Armando R. Villalobos
Cameron County District and County Attorney
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Opinion No. GA-0716

Re: Whether an assistant county or assistant district attorney may lawfully and ethically practice as a criminal defense attorney in federal court and in the state courts of a neighboring county
(RQ-0754-GA)

Dear Mr. Villalobos:

You ask whether an assistant county or assistant district attorney may lawfully and ethically practice as a criminal defense attorney in federal court and in the state courts of a neighboring county.[1] A provision of the Code of Criminal Procedure provides in relevant part that "[d]istrict and county attorneys shall not be of counsel adversely to the State in any case, in any court." TEX. CODE CRIM. PROC. ANN. art. 2.08 (Vernon 2005).

Section 41.102 of the Government Code permits a "prosecuting attorney" to "employ . . . assistant prosecuting attorneys." TEX. GOV'T CODE ANN. § 41.102(a) (Vernon Supp. 2008). A "prosecuting attorney" is defined as "a county attorney, district attorney, or criminal district attorney." *Id.* § 41.101 (Vernon 2004). An "assistant prosecuting attorney may perform all duties imposed by law on the prosecuting attorney," and the qualifications required of an assistant county attorney "are the same as for the county attorney who appoints him." *Id.* §§ 41.103(b), 45.002(a). It does not necessarily follow, however, that an assistant prosecuting attorney is subject to the same statutory *disqualifications* as an actual county, district, or criminal district attorney.

In a prior opinion, we construed article 2.08 of the Code of Criminal Procedure to mean that that statute's disqualification does not apply to an individual appointed to serve as a county attorney pro tem under article 2.07. Tex. Att'y Gen. Op. No. GA-0241 (2004) at 4. That opinion noted that "[a]lthough the Legislature could have written article 2.08 to also apply to an attorney appointed pro tem, it did not do so. We may 'add words into a statutory provision only when necessary to give effect to clear legislative intent.'" *Id.* (citing *Fitzgerald v. Adv. Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 867 (Tex. 1999)). Likewise, the Legislature could have written article 2.08 to apply to assistant county and assistant district attorneys, but it did not do so. As a result, we conclude that article 2.08

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov)

does not prohibit an assistant county or assistant district attorney from practicing as a criminal defense attorney in federal court or in the state courts of a neighboring county.

On the other hand, section 46.005 of the Government Code prohibits a "county prosecutor" *and any assistant of a prosecutor* from engaging in the "private practice of law" if, "from all state and county funds received, the county prosecutor or assistant receives a salary that is equal to or more than 80 percent of the benchmark salary." TEX. GOV'T CODE ANN. § 46.005(a), (c) (Vernon Supp. 2008). The term "county prosecutor" applies to a "constitutional county attorney who does not have general felony jurisdiction and who is not a state prosecutor." *Id.* § 46.001(1).[2] Thus, under the limited circumstances of section 46.005 of the Government Code, an assistant county attorney is statutorily barred from simultaneously practicing as a criminal defense attorney in federal court or in the state courts of a neighboring county.

With regard to ethical considerations, Rules 1.06 and 1.10 of the Texas Disciplinary Rules of Professional Conduct provide some cautionary warnings. A comment to Rule 1.06(b), the general rule for conflict of interest, warns that "[l]oyalty to a client is impaired not only by the representation of opposing parties . . . but also in any situation when a lawyer may not be able to consider, recommend or carry out an appropriate course of action for one client because of the lawyer's own interests or responsibilities to others." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06 cmt. 4, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9). *See* State Bar Ethics Comm. Op. No. 419 (1984) (construing prior rule regarding county attorney's conflict of interest). A comment to Rule 1.10, which limits successive government and private employment, declares that "[t]his Rule prevents a lawyer from exploiting public office for the advantage of a private client." *Id.* 1.10 cmt. 1. Inquiries regarding questions of professional conduct for attorneys should be addressed to the Committee on Professional Ethics. *See* TEX. GOV'T CODE ANN. §§ 81.091–.092 (Vernon 2005).

---

[2]The section is also not applicable to an assistant county prosecutor under certain other narrow circumstances. *See* TEX. GOV'T CODE ANN. § 46.005(c)–(e) (Vernon Supp. 2008).

## S U M M A R Y

Article 2.08 of the Code of Criminal Procedure does not prohibit an assistant county or assistant district attorney from practicing as a criminal defense attorney in federal court or in the state courts of a neighboring county, although, under certain circumstances, section 46.005 of the Government Code bars such practice by an assistant county attorney. Rules 1.06 and 1.10 of the Texas Disciplinary Rules of Professional Conduct caution against any such representation of a private client, although such inquiries must ultimately be addressed to the Committee on Professional Ethics.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee